IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WACHOVIA BANK,                )
National Association,         )
                              )
     Plaintiff,               )
                              )        CIVIL ACTION NO.
     v.                       )        2:10cv59-MHT
                              )             (WO)
STEVEN MORELAND, an           )
individual, TAMMY JOHLIN,     )
an individual,                )
                              )
     Defendant.               )
```

OPINION AND ORDER

On January 21, 2010, plaintiff Wachovia Bank filed this action against defendants Steven Moreland and Tammy Johlin in the Middle District of Alabama. This lawsuit is premised on the court's diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. Wachovia alleges that Moreland and Johlin have defaulted on a promissory note securing a mortgage on property located in the Northern District of Alabama. All the actions about which Wachovia complains are alleged to have occurred in Northern District of Alabama.

On January 26, 2010, Wachovia filed a motion to transfer based on improper venue. Upon review of the motion and the factual allegations presented in the complaint, the court concludes that the transfer motion should be granted and this case transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.

A federal district court may exercise subject-matter jurisdiction over a civil action in which only state-law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different States," in which the jurisdictional amount is met. A civil action founded on diversity jurisdiction "may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise

to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

All of the events or omissions alleged to have given rise to this lawsuit occurred in the Northern District of Alabama. Moreland is alleged to reside in Marshall County, Alabama; Johlin is alleged to reside in Dekalb County, Alabama; and both counties are located in the Northern District of Alabama. All property secured by the promissory note is located in the Northern District of Alabama.

The law further provides that, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a). As previously noted, the promissory note and property secured by the mortgage are located in the Northern District of Alabama. It also follows the majority of the witnesses are located in the Northern District of Alabama. None of the complained-of events occurred in the Middle District of Alabama and none of the events is alleged to have occurred there. There is no connection to the Middle District of Alabama.

The decision to transfer a case is within the discretion of the trial court. Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006); Lowery v. Estelle, 53 F.2d 265, 267 (5th Cir. 1976).[*]

. "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal

---

\* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

Therefore, because the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama and because there is no question that venue would be proper there, the court concludes that the interest of justice demands that this case be transferred to the United States District Court for the Northern District of Alabama.

Accordingly, it is ORDERED that the motion to transfer (Doc. No. 5) is granted and this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 1st day of February, 2010.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE